Turkey, J.
delivered the opinion of the court.
Edward Gregory was, at the July term of the county court pf Rutherford, appointed guardian of his grand-child, Sophro-nia Gregory; the appointment was contested by the defendants in error, the mother and step-father of the ward, and an appeal was prosecuted by them to the circuit court. The record from the county court was not filed within fifteen days previous to the commencement of the first term of the circuit court, and the defendant moved to have the judgment affirmed, under the provisions of the act of 1794, ch. I, sec. 66. This the circuit Gourt refused to do, but proceeded to re-hear the case, and changed the appointment as made by the county court. From this judgment of the. circuit court the plaintiff in. error appealed. We have examined the proof in 'this case, and think that the judgment of-the circuit court was right upon the facts but wrong upon the law. The statute of 1794 is imperative; the 63d section provides that where any person is dissatisfied with any sentence, judgment pr decree of the county court he may appeal; and the 66th *61 section requires that the record shall be filed in the appellate court at least fifteen days before the sitting of the term suing the appeal, and that if it be not done the judgment, sentence or decree of the county court shall be affirmed.
We cannot make or alter the law. The judgment of the circuit court must therefore be reversed, and the judgment of the county court affirmed.